UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RONALD BERRY,

              Plaintiff,

    -v-

THE CITY OF NEW YORK,
NYC TRANSIT AUTHORITY,
YEURIS MEJIA, ERIC LARSON,
JIMMY FREYRE, and MICHAEL HERER,
JOHN DOE 1-3,

              Defendants.
_____X

**COMPLAINT**

**Jury Trial**

The Plaintiff RONALD BERRY by Robert Blossner, Esq., and Vik Pawar, Esq., of Vik Pawar Law, PLLC, his attorneys complaining of the defendants respectfully alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff Ronald Berry (hereinafter referred to as "BERRY" or "plaintiff" ) is a resident of the County of the Bronx, City and State of New York.

2. Defendant City of New York ("CITY") is a Municipal Corporation that oversees the New York Police Department (NYPD).

3. Defendants, Detective YEURIS MEJIA, ("MEJIA") shield number 3976, and officer ERIC M. LARSON, ("LARSON") shield number 26970, and Sergeant JIMMY FREYRE, ("FREYRE") shield number 990 are/were officers of the NYPD at the time of incident complained of. They are also referred to as "individual defendants."

4. That at all times hereinafter mentioned, the Defendant NEW YORK CITY TRANSIT

AUTHORITY was a subdivision (authority) of the Defendant METROPOLITAN TRANSIT AUTHORITY and as such, both the METROPOLITAN TRANSIT AUTHORITY and the NEW YORK CITY TRANSIT AUTHORITY will hereinafter be collectively referred to as "TRANSIT".

5. That at all times herein mentioned, Defendants Michael Herer, JOHN DOE # 1, JOHN DOE # 2, and JOHN DOE # 3 whose names are currently unknown to the Plaintiff were/are employees of the Defendant METROPOLITAN TRANSIT AUTHORITY/NEW YORK CITY TRANSIT AUTHORITY. They are also referred to as "individual defendants."

## CONDITIONS PRECEDENT

6. That prior to the commencement of this action the Plaintiff duly filed with defendants TRANSIT and CITY verified Notices of Claim setting forth the time, when and place where the incident which is the subject of the instant lawsuit occurred, the nature and extent of the injuries and damages sustained and the amount claimed therefore.

7. Such claim was presented within ninety (90) days after the causes of action herein accrued.

8. That on May 4, 2021, Plaintiff BERRY appeared for and testified under oath at a municipal hearing at the request of the defendant TRANSIT, pursuant to Public Authorities Law and General Municipal Law Section 50 (h).

9. That more than thirty (30) days have elapsed since such presentation of said claims and the defendants TRANSIT and CITY have not adjusted the same and have failed and neglected to make any payment of such claim and causes of action.

10. This action is commenced within one year and 90 days after the date of the occurrence.

## THE FACTS

11. That at all times hereinafter mentioned defendant TRANSIT operated, managed, maintained, and controlled a certain real property known as the Pelham Bay Station of the IRT #6 line.

12. In or about the winter of 2014/2015 Plaintiff BERRY was hired by the Defendant TRANSIT as a station cleaner.

13. In or about the winter of 2017 Plaintiff BERRY began to experience difficulty breathing and did not feel that he was able to continue working. Plaintiff BERRY believed that his condition was caused by his inhaling dust and the residue of rock salt that he had been spreading on the station steps in the course of his employment by the Defendant TRANSIT.

14. As a result of his difficulty breathing, Plaintiff BERRY followed the mandated procedure of his employer and notified Defendant TRANSIT by telephone. In response, the Defendant TRANSIT placed Plaintiff BERRY on sick leave and informed him that when he felt well enough to return to work, he was to bring a note from his physician.

15. Thereafter and for approximately the next two years Plaintiff BERRY followed the protocol set up by his employer TRANSIT for the purpose of receiving his paycheck. The procedure Plaintiff BERRY faithfully followed was to personally report to the Defendant TRANSIT's office within the Pelham Bay Station of the IRT number 6 subway line every two weeks to sign for and be given his paycheck.

16. During the above described period of time Plaintiff BERRY verily believe that he was on sick leave and that he was being compensated by his employer for his job related injury.

17. During the above described period of time, upon Plaintiff BERRY'S reporting to the

Defendant TRANSIT's Pelham Bay Station office, he would sign a log that had previously been prepared by the Defended TRANSIT and was then personally presented with a paycheck by whichever of the Defendant TRANSIT's supervisors was on duty that day.

18. On or about OCTOBER 3, 2019 and at all times herein mentioned Plaintiff BERRY was lawfully upon the premises known as the Pelham Bay Station of the Defendant TRANSIT's IRT number 6 line which is located at or near the intersection of Westchester Avenue in the County of the Bronx, City and State of New York.

19. On or about October 3, 2019 Plaintiff BERRY reported to the Defendant TRANSIT's Pelham Bay Station in anticipation of receiving his check as usual. After signing the log which listed his name as well as the names of all persons who were to receive their checks on that day, instead of receiving his check, Plaintiff BERRY was arrested.

20. Immediately prior to Plaintiff BERRY being arrested on or about October 3, 2019, he heard and saw several of Defendant TRANSIT's supervisors come down a flight of stairs within the office. As they came down the steps, the supervisors Herer, JOHN DOE # 1, JOHN DOE # 2, and JOHN DOE # 3 were yelling profanities along with words to the affect; "That's him, arrest him, we want him arrested. We want him arrested now."

21. The names of the employees of the Defendant TRANSIT who identified and called for the arrest of Plaintiff BERRY are not known at this time and as such, they have and will for the present be referred to as Herer, JOHN DOE 1-3.

22. Upon the above stated words; "We want him arrested." being uttered by the Defendant TRANSIT's employees, Plaintiff BERRY was taken into custody by Defendant Detective YEURIS MEJIA and other officers of the Defendant NYPD.

23. Plaintiff BERRY, a 41 year old man with no history of violence and who was known

by the Defendants to be in ill health and on sick leave was taken into custody in a violent manner.

24. In the course of arresting Plaintiff BERRY, his arm was roughly twisted, his head was pushed into a wall, and then he was swung around by said arm before being thrown into a chair. Once seated, both of Plaintiff's arms were lifted high in the air behind him causing Plaintiff's head and torso to lean forward while both arms were twisted and his wrists hand cuffed behind him.

25. The physical force utilized to execute the arrest of Plaintiff RONALD BERRY by the Defendants YEURIS MEJIA, ERIC LARSON, and Sergeant JIMMY FREYRE was under the circumstances both unnecessary and excessive. Plaintiff did nothing to encourage nor deserve such assault and as a result suffered physical injury due to his unwarranted treatment by the arresting officers. The alleged crime that he was being arrested for was trespass, a nonviolent class B misdemeanor. (The lowest form of misdemeanor)

26. After Plaintiff BERRY was taken into custody, he was taken to a waiting motor vehicle and driven in custody to first one, then another NYPD Precinct. During this period, and again while being held in custody, Plaintiff Berry, who at the time was forty one (41) years of age and in tears, repeatedly asked why he was being arrested, but was not given an explanation.

27. It was only after several hours that Plaintiff Berry was unshackled and given a Desk Appearance Ticket which charged him with trespass at the Pelham Bay Station of the Defendant TRANSIT's 6 line.

28. That after Plaintiff BERRY was taken into custody, the Defendant TRANSIT issued a press release to the media describing in untrue and libelous detail its false accusations as to the Plaintiff BERRY.

29. That as a result of being criminally charged, Plaintiff BERRY was among other things caused to retain the services of an attorney, appear at, and return to Criminal Court on many occasions over the next year.

30. That on December 10, 2020 the criminal charges against Plaintiff BERRY were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Seizure under 42 U.S.C. 1983)

31. Plaintiff BERRY repeats ani alleges all of the foregoing paragraphs numbered 1 through 31 as if fully set forth herein.

32. The individual Defendants arrested and/or aided in the arrest of Plaintiff BERRY on false charges. The defendants had no probable cause to arrest Plaintiff BERRY as they then and there knew that Plaintiff had at least colorable authority, permission, and reason to be upon the Defendant TRANSIT's premises.

33. The individual Defendants and it's JOHN DOE employees #s 1, 2, and 3 caused the false arrest of Plaintiff BERRY by demanding that co-defendant NYPD personnel arrest Plaintiff BERRY when they then and there had knowledge that Plaintiff had been following Defendant TRANSIST's own procedure and protocol in entering and being present at Defendant TRANSIT's premises.

34. As a result of Defendant's conduct Plaintiff suffered Constitutional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution/Denial of Fair Trial under 42 U.S.C. 1983)

35. Plaintiff repeats and realleges all of the foregoing paragraphs numbered 1 through 35 as if fully set forth herein.

36. The individual Defendants and JOHN DOES 1- 3 made false claims to the defendant

officers of the NYPD as to plaintiff Berry which caused Plaintiff Berry to be arrested and prosecuted.

37. The individual Defendants and JOHN DOES 1-3 knew that by making those false claims to the police officers and further stating that they would appear and aid in the prosecution of Plaintiff BERRY, those statements and the documents based upon those statements would be forwarded to the district attorney's office and plaintiff Barry would be prosecuted.

38. Defendants Herer, JOHN DOES 1-3 made such false accusations in an effort to cover up their own failures and shortcomings as employees of the Defendant TRANSIT. Defendants Herer, JOHN DOES 1-3 efforts to make Plaintiff BERRY a scapegoat for their own failures illustrates the Defendants malice in making such false accusations.

39. All of the criminal charges against the plaintiff Berry were dismissed in his favor.

40. As a result of Defendants Herer, JOHN DOES 1-3 conduct Plaintiff BERRY suffered constitutional injuries.

41. The individual Defendants MEJIA, LARSON, AND FREYRE prepared falsified and misleading police documents and initiated criminal proceedings against the plaintiff Berry.

42. Defendants MEJIA, LARSON, and FREYRE knew that by forwarding the false, erroneous, and misleading police documents to the District Attorney's office, plaintiff Berry would be prosecuted.

43. Further, prior to Plaintiff Berry arriving at the location where he was to be arrested, the Defendants MEJIA, LARSON, and FREYRE had been informed by the Defendants Herer, JOHN DOE # 1-3 that Plaintiff BERRY was expected to come to the premises to be given his paycheck as he had for the previous two years.

44. Given the above knowledge, any possible probable cause created by Defendants

Herer, JOHN DOEs # 1-3 statements to the contrary had to be dissipated.

45. Thus, Defendants MEJIA, LARSON, and FREYRE acted with malice when they arrested and furthered the prosecution of Plaintiff BERRY knowing that he had not trespassed upon Defendant TRANSIT's property.

### AS AND FOR A THIRD CAUSE OF ACTION
(Assault and Battery)

46. Plaintiff repeats, reiterates, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. The individual Defendants committed acts that caused harm to plaintiff.

48. The individual Defendants intended to inflict injury or pain on plaintiff.

49. As a reason of the assault and unlawful battery by the individual Defendants plaintiff was apprehensive and suffered physical and emotional injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Harassment)

50. Plaintiff repeats, reiterates, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. The individual Defendants intended to harass, annoy or alarm plaintiff.

52. These defendants acted in a way that caused plaintiff to be harassed, annoyed and alarmed.

53. As a result of their conduct, plaintiff suffered and continue to suffer mental and physical injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

56. The aforementioned conduct was committed by the individual Defendants while acting within the scope of their employment by Defendant City.

57. The aforementioned conduct was committed by individual Defendants while acting in furtherance of their employment by Defendant City.

58. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

59. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Violation of NYS and NYC Human and Civil Rights Law)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61. The individual Defendants conduct herein denied plaintiff the equal protection of the law, discriminated against them and caused their injuries.

62. As a result, plaintiff's rights protected by the New York State and New York City Human Rights Laws were violated.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of NY)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64. Defendant City owed a duty to individuals like plaintiff to properly screen, train, hire and then appropriately discipline its employees.

65. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff's rights.

66. As a result, plaintiff suffered injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68. Defendant City owed a duty to individuals like plaintiff.

69. Defendant City breached its duty when individual Defendants engaged in and participated in the violation of Plaintiff's rights.

70. As a result, plaintiff suffered injuries.

71. Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

### AS AND FOR A NINETH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

73. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused plaintiff's irreparable physical and emotional injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages for each and every cause of action for Plaintiff against Defendants (individually or collectively) as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
July 13, 2022

                Vik Pawar, Esq.
                20 Vesey Street, Suite 1410
                New York, New York 10007
                (212) 571-0805

                By:/s
                    Vik Pawar (VP9101)
                    Robert Blossner (RB0526)