

```
                                                         USDC SDNY
                                                         DOCUMENT
                                                         ELECTRONICALLY FILED
                                                         DOC #:_____
                                                         DATE FILED: 03/06/2024
```

**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**THOMAS LAI**
*Senior Counsel*
E-mail:tlai@law.nyc.gov
Phone: (212) 356-2336
Fax: (212) 356-3509

March 5, 2024

**VIA ECF**
Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *Berry v. City of New York et al*.
              22 Civ. 05969 (MMG)

Your Honor:

      I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to defend Defendants City of New York and New York City Police Department Police Officers Yeuris Mejia, Eric Larson, and Jimmy Freyre ("City Defendants") in the above referenced matter. For the reasons set forth below, City Defendants respectfully request: (1) for the Court to compel Plaintiff's deposition and sequence depositions beginning with Plaintiff's deposition; (2) a corresponding thirty (30) day extension of the discovery deadline from March 11, 2024 to April 10, 2024. This is the first request to compel Plaintiff's deposition and the third request for a discovery extension.[1] Co-Defendants' counsel, Melissa Medilien, joins in both of City Defendants' requests. Plaintiff's counsel, Vik Pawar, although he initially consented to the discovery extension, now conditions his consent on Co-Defendant Herer being deposed first and does not consent to this discovery request.

      As Your Honor was only recently assigned to this case, City Defendants provides herein a brief background. Plaintiff Ronald Berry brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that on October 3, 2019 he was falsely arrested and thereafter maliciously

---

[1] The undersigned was out of the office for most of the month of January 2024 on medical leave. During which time, this matter was reassigned to another attorney who requested a discovery extension that was denied. In denying the application, the Honorable Lewis J. Liman held that no good cause had been shown for the requested extension. We believe there is good cause for the instant application.

prosecuted for trespassing at an office of the NYC Transit Authority, where he claims he was employed and out on sick leave. Plaintiff brings this action against City Defendants and Co-Defendants the New York City Transit Authority ("Transit Authority") and its employee Michael Herer ("Co-Defendant Herer"). In addition, the Transit Authority has a claim against Plaintiff for checks cashed and money received that were allegedly not earned in the amount of $266,313.14.

      City Defendants noticed Plaintiff's deposition on February 3, 2023. Thereafter, Plaintiff served Co-Defendant Herer with process and discovery was stayed for Co-Defendants to respond to the Complaint. *ECF No. 45, 46*. Co-Defendants noticed Plaintiff's deposition on August 23, 2023 for September 26, 2023. According to Co-Defendants, the deposition did not go forward due to Plaintiff's schedule. On December 12, 2023, Co-Defendants requested a discovery extension because they served Plaintiff with initial discovery demands, the notice of deposition, and filed a motion to dismiss.[2] City Defendants also required an extension because the HIPAA authorization provided by Plaintiff was incomplete and could not be processed so they could not obtain the medical records in order to properly prepare for Plaintiff's deposition. On December 13, 2023, the Court extended discovery to March 11, 2024, and scheduled a telephone post-discovery conference for March 15, 2024. *ECF No. 66*. The Court also stated that no further extensions would be granted. *Id*. The circumstances described below necessitate the instant request as discovery will not be completed by the current deadline.

      Following the December 13th discovery extension, City Defendants received an updated HIPAA authorization from Plaintiff and obtained and produced the medical records on February 26, 2024. In addition, Plaintiff noticed defendants' depositions on December 27, 2023, served Co-Defendants with additional discovery demands on January 17, 2024, and Co-Defendants provided additional disclosures.

      Defendants conferred and on February 16, 2024, City Defendants provided a proposed deposition schedule, based on dates provided by Plaintiff's counsel, beginning with Plaintiff's deposition on February 28, 2024. On February 21, 2024, Co-Defendants provided a proposed deposition date for Co-Defendant Herer. That same day, Plaintiff's counsel only confirmed the deposition date for Co-Defendant Herer and indicated that he was still waiting to confirm the other dates. On February 26, 2024, counsel for Defendants separately attempted to confirm Plaintiff's deposition via telephone for February 28, 2024. After receiving no response, City Defendants emailed Plaintiff an updated proposed deposition schedule attempting to re-schedule Plaintiff's deposition for March 4, 2024 and defendants' depositions thereafter. In response, Plaintiff took issue with City Defendants' supplemental disclosure and also claimed "I have been pursuing defendants depositions for several months. If I decide to depose them, they go first. You have NOT been diligent in deposing plaintiff and he is no longer a priority in line for depositions." The next day, Co-Defendants emailed Plaintiff to confirm if Plaintiff was going to be produced for his deposition on March 4, 2024. Plaintiff responded by stating that "[t]he only thing that is confirmed is Herer's deposition on March 6 via zoom." On February 28, 2024,

---

[2] Co-Defendants' motion to dismiss is currently pending before the Court. *ECF Nos.62, 63, 64, 77*.

Defendants attempted to schedule a meet and confer about outstanding discovery issues including depositions, however, no response was received from Plaintiff.[3]

City Defendants now move to compel Plaintiff's deposition. As Plaintiff bears the burden of proof on most claims, his deposition should rightly proceed before the defendants. Further, fairness and priority of notice dictates that he be deposed before any defendants. "District courts faced with the question of priority have, in the main, concluded that the first party to serve a notice of deposition is entitled to priority of questioning at that deposition. While it is not mandated by law, some courts select this order of priority as a matter of fairness…." *Davis v. City of N.Y.*, 22 Civ. 6656, 2024 U.S. Dist. LEXIS 14745, *5-6 (E.D.N.Y. Jan. 27, 2024) (internal citations and quotations omitted).

Here, Plaintiff's deposition was noticed well in advance by Co-Defendants whose earlier attempt to take Plaintiff's deposition was unsuccessful because of Plaintiff's unavailability. In addition, City Defendants noticed Plaintiffs' deposition over a year ago. City Defendants also made it clear in the December 12th discovery extension request that City Defendants intended to depose Plaintiff after receiving his medical records so Plaintiff's deposition should proceed first. *See Davis*, 2024 U.S. Dist. LEXIS 14745, *5-7 (ordering deposition of non-party witness to proceed before defendants' depositions where plaintiff's counsel was sufficiently aware that defendants intended to depose non-party and thereafter noticed defendants' depositions). Further, other than Co-Defendant Herer, Plaintiff's counsel has refused to confirm any other depositions, including Plaintiffs', even though the schedule was based on Plaintiff's counsel's availability. It is apparent that Plaintiff is delaying his client's deposition without explanation. Thus, the parties will not be able to complete depositions before discovery closes on March 11, 2024. The additional time will allow Defendants to conduct depositions they seek.

Accordingly, City Defendants respectfully request: (1) for the Court to compel Plaintiff's deposition and sequence depositions beginning with Plaintiff's deposition; (2) a corresponding extension of the discovery deadline until April 10, 2024, and an extension of any other proceedings, including the post-discovery status conference on March 15, 2024.

Respectfully submitted,

*Thomas Lai /s*
Thomas Lai
Senior Counsel
Special Federal Litigation Division

cc: **VIA ECF**
Vik Pawar
*Attorney for Plaintiff*

Robert Kenneth Drinan

---

[3] City Defendants are aware that, pursuant to Your Honor's Individual Rules, the parties are required to meet and confer in person in good faith at least once to resolve discovery disputes. As set forth herein, no meeting occurred due to the lack of response from Plaintiff.

Melissa Delilah Medilien
*Attorney for Defendants*
*Michael Herer and NYC Transit Authority*

The Court has reviewed the City Defendants' application (Dkt. No. 78) and Plaintiff's response (Dkt. No. 79). The Application is hereby GRANTED in part and DENIED in part, and the following is hereby ORDERED:

(1) Defendant Herer's deposition, which the Court understands is currently tentatively scheduled to occur either on Friday, March 8 or Monday, March 11, 2024, SHALL OCCUR on whichever of those days is more convenient for the parties;

(2) Plaintiff's deposition is hereby COMPELLED and ORDERED to occur no later than **March 22, 2024**;

(3) Discovery is hereby EXTENDED until **March 29, 2024**, however, no further extensions will be granted absent extraordinary circumstances; and

(4) The March 15, 2024 post-fact discovery conference is hereby ADJOURNED until **Thursday, May 2, 2024 at 2:00p.m.** and will be held in person in Courtroom 906 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. The parties are further ORDERED to comply with the Court's procedures for post-fact discovery communications with the Court, as set forth in Rule II(B)(9) of the Court's Individual Rules & Practices, available at https://nysd.uscourts.gov/hon-margaret-m-garnett.

Finally, the parties are ORDERED to refrain from all *ad hominem* attacks in all future correspondence, either with the Court or between each other. *See* Individual Rule I(A) ("Civility in All Proceedings.") Any future correspondence to the Court must not include any disparaging personal remarks about, or personal characterizations of, opposing counsel. The parties, and in particular Plaintiff's counsel, are hereby put on notice that such conduct will not be tolerated and will likely result in sanctions.

SO ORDERED. Dated March 6, 2024.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE